# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2021

Lyle W. Cayce
Clerk

No. 21-50135
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OMAR SANCHEZ-BARRERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-384-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Omar Sanchez-Barrera appeals the within-guidelines sentence of 37 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for illegal reentry after deportation from the United States. He argues that the enhanced sentencing range in 8 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50135

§ 1326(b) is unconstitutional because a prior conviction is an element of the offense that must be alleged in the indictment or found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Almendarez-Torres*. Alternatively, the Government requests an extension of time to file its brief.

In *Almendarez-Torres*, 523 U.S. at 226-27, the Supreme Court held that a prior conviction used to enhance a sentence under § 1326(b) is a sentencing factor, not an element of the offense. Neither *Apprendi v. New Jersey*, 530 U.S. 466, 476, 490 (2000), nor subsequent Supreme Court cases overruled *Almendarez-Torres*, which remains binding precedent. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Accordingly, Sanchez-Barrera's sole appellate argument is foreclosed by *Almendarez-Torres*.

Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.